IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

02/03/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

ZACKERY J. ASKINS,                      )
                                        )
                    Petitioner,         )
                                        )
        v.                              )        Case No. 25-3237-JWL
                                        )
Commander, Midwest Joint Regional       )
        Correctional Facility,          )
                                        )
                    Respondent.         )
                                        )
_____ )

## MEMORANDUM AND ORDER

Petitioner, a military prisoner acting *pro se*, has filed a petition for habeas corpus

under 28 U.S.C. § 2241, by which he claims that he has been improperly denied First Step

Act (FSA) credits against his sentence for programs completed at a previous place of

confinement.  Respondent has filed a brief opposing this claim, and petitioner has filed a

reply brief, and the claim is therefore ripe for ruling.  For the reasons set forth below, the

Court **denies** this claim of the petition, and thus the petition is denied in its entirety.[1]

For a period after his convictions by court martial, petitioner was transferred to a

federal Bureau of Prisons (BOP) facility.  Petitioner claims that he completed programming

---

[1]  Petitioner asserts this claim in Count I of his petition.  The Court previously
dismissed the petition's other claims (Counts II, III, and IV).  The Court also previously
ordered petitioner to show cause why this claim should not be dismissed based on a failure
to exhaust administrative remedies.  Petitioner subsequently provided details of his
attempts to exhaust, and respondent has not argued that this claim should be dismissed
because of a failure to exhaust.  Finally, the Court previously denied petitioner's requests
for injunctive relief and for appointment of counsel.  The Court notes that petitioner has
not renewed his request for counsel in his traverse.

at that facility for which he should receive FSA credits, and he challenges the BOP's policy

of refusing to award such credits to military prisoners in BOP custody.  Petitioner argues

that the BOP must award such credits pursuant to 10 U.S.C. § 858(a), which allows for the

confinement of a prisoner convicted by court martial in any federal institution and which

states:  "Persons so confined in a penal or correctional institution not under the control of

one of the armed forces are subject to the same discipline and treatment as persons confined

or committed by the courts of the United States . . . ."  *See id.*  Petitioner has not cited any

case in which a court has held that military prisoners are entitled to receive FSA credits

while in BOP custody.  Instead, petitioner relies on cases in which military prisoners in

BOP custody were deemed subject to the same rules regarding parole that apply to federal

prisoners.  In one such case, the Tenth Circuit stated that "[i]t has been consistently held

that a military prisoner who is committed to the service of his sentence in a federal

penitentiary automatically becomes entitled to any advantages and subject to any

disadvantages which accrue to the civilian prisoner."  *See Stewart v. United States Bd. of

Parole*, 285 F.2d 421, 421-22 (10th Cir. 1960) (per curiam) (citations and internal quotation

omitted).

The Court agrees with the reasoning of the court in *Ruiz v. United States*, 2025 WL

973935 (E.D. Tex. Jan. 27, 2025), which did address this exact issue, and which held that

the BOP is not required to award FSA credits to military prisoners.  *See id.* at *3-7.  The

Court begins with the FSA, which authorizes such credits for a "prisoner", defined to mean

"a person who has been sentenced to a term of imprisonment pursuant to a conviction for

a Federal criminal offense, or a person in the custody of the Bureau of Prisons."  *See* 18

U.S.C. § 3632(d)(4) ("prisoner" shall earn these time credits); *id.* § 3624(g) (subsection authorizing pre-release custody or supervised release based on earned credits applies in the case of a "prisoner" as defined in Section 3635); *id.* § 3635(4) (defining "prisoner" as used in the subchapter that includes Section 3632). Petitioner argues that he is entitled to FSA credits under this definition because he was in the "custody" of the BOP. As respondent argues, however, and as courts have recognized, there is a distinction between *physical* custody and *legal* custody of a prisoner; and although the BOP may take physical custody of military prisoners, it does not take legal custody of those prisoners – as shown by the facts that military authorities calculate the sentences of prisoners with military convictions and that the BOP has no authority to alter those sentence calculations. Thus, in *United States v. Joshua*, 607 F.3d 379 (4th Cir. 2010), the Fourth Circuit noted how the military and federal penal systems were distinct, and it held that a different statute applying to a prisoner in the "custody" of the BOP applied only to a prisoner in the legal custody of the BOP and thus did not apply to a military prisoner in the BOP's physical custody. *See id.* at 382-91 (discussed in *Ruiz*, 2025 WL 973935, at *3-4).

The Court thus concludes that the applicable statutes do not authorize the granting of FSA credits to military prisoners in the physical custody of the BOP. The calculation of a military prisoner's sentence is not a matter of the prisoner's "discipline" or "treatment" by the BOP, as only the military authorities may calculate that prisoner's sentence, and thus 10 U.S.C. § 858(a) does not require that such a prisoner be eligible to receive FSA credits to the same extent that federal prisoners are. The Court is further persuaded that the FSA does not require its programming credits to be awarded to military prisoners

3

merely in the physical custody of the BOP, based on the distinction between physical and legal custody.

Moreover, the Court's interpretation of the FSA is supported by the statute's lengthy list of federal offenses that make a prisoner ineligible to receive the credits. *See* 18 U.S.C. § 3632(d)(4)(D). If Congress had intended the FSA's credit scheme to apply to military prisoners housed by the BOP, it surely would have included analogous offenses under the Uniform Code of Military Justice (UCMJ) in its list of disqualifying offenses – instead of prohibiting, for instance, certain non-military drug offenders from receiving credits while allowing military offenders to be eligible for the credits, as would be the case under petitioner's interpretation.

Although respondent cited *Ruiz* in his brief, petitioner has not addressed that case. Nor has petitioner cited any contrary authority that directly addresses this issue. Petitioner has not persuaded the Court that respondent or the BOP violated federal law in refusing to award petitioner FSA credits. Accordingly, the Court denies this claim in the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied** with respect to Count I, and therefore the petition is denied in its entirety.

IT IS SO ORDERED.

Dated this 3rd day of February, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4